UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-62441-Civ-COHN/Seltzer

BRIGITTE PEREZ,

    Plaintiff,

v.

MUAB, INC., d/b/a SOUTHERN STAR SALON
SERVICES, a Florida corporation, and
STEVE COOPER, an individual,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
## ORDER GRANTING LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definite Statement [DE 8]. The Court has carefully considered the Complaint, Defendants' Motion, Plaintiff's Response to Defendants' Motion to Dismiss [DE 12], Defendants' Reply [DE 19], and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

Plaintiff Brigitte Perez ("Plaintiff") filed the Complaint in this case against her employer, Muab Inc., d/b/a Southern Star Salon Services, and its owner or operator, Steve Cooper (collectively, "Defendants"), for their failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiff worked as a store manager for Defendants. Complaint, ¶ 4. The Complaint does not describe anything else about her

---

[1] The Court did not consider the Defendants' Notice of Supplemental Authority [DE 22], filed late Friday afternoon, and therefore need not wait for Plaintiff to respond.

duties, nor does it describe the business of Defendants.[2]  Defendants move to dismiss the Complaint for failure to state a claim.

## II.  DISCUSSION

Defendants move to dismiss this case pursuant to Rule 12(b) of the Federal Rules of Civil Procedure because the Complaint is based upon conclusory allegations regarding whether Defendants are covered under the FLSA.  The Court interprets Defendant's Motion as one made under Fed. R. Civ. P. 12(b)(6), though it could be construed as being filed under Fed. R. Civ. P. 12(b)(1).[3]

### A.  Motion to Dismiss Standard

Until the Supreme Court decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), courts routinely followed the rule that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).  However, pursuant to <u>Twombly</u>, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  550 U.S. at 555.  "While a complaint attacked by a Rule

---

[2] The Court presumes from the "dba" name that Muab, Inc. is a salon business.

[3] If both subsections were invoked, the Court would ultimately use the Rule 12(b)(6) standard for the reasons stated in <u>Roberts v. Caballero & Castellanos, PL</u>, 2010 WL 114001 (S.D. Fla. Jan. 11, 2010).

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B.  FLSA Jurisdiction

Under the FLSA, the jurisdictional prerequisite of "interstate commerce" can be shown by either individual coverage of the employee at issue, or enterprise coverage of the defendant business.  Thorne v. All Restoration Serv., Inc., 448 F.3d 1264, 1265-66 (11th Cir. 2006).  With respect to enterprise coverage, a business must have "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and has at least $500,000 of "annual gross volume of sales made or business done."  Polycarpe v. E&S Landscaping Serv., Inc., 616 F.3d 1217, 1220 (11th Cir. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)).[4]

Defendants contend that the Complaint in this action contains only legal conclusions and fails to state a claim for FLSA coverage.  The Complaint does not allege anything regarding whether Defendant Muab has $500,000 in gross revenue

---

[4] The Polycarpe decision overturned this Court's summary judgment ruling in Lamonica v. Safe Hurricane Shutters, Inc., 578 F. Supp. 2d 1363 (S.D. Fla. 2008). Therefore, Defendants' reliance on Lamonica is misplaced.

3

during the relevant period.  Rather, the Complaint states that Muab, Inc. "is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the store where Perez was employed."  Compl., ¶ 5.  Defendant asserts that these legal conclusions are insufficient under Iqbal to survive a motion to dismiss.

Plaintiff opposes the motion, relying upon the unpublished opinion of Secretary of Labor v. Labbe, 319 Fed. App'x 761 (11th Cir. 2008), and the 2005 Eleventh Circuit Pattern Jury Instructions (Civil Cases).  In Labbe, an opinion issued after Twombly but prior to Iqbal, the Court of Appeals described the elements of an FLSA action as being "simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act."  Id. at 763.  According to Plaintiff, the Pattern Jury Instructions include the element that Plaintiff was an employee engaged in commerce or in the production of goods for commerce.  Plaintiff's Response at p. 3 [DE 12].  Plaintiff contends that she has sufficiently pled both individual and enterprise coverage.  The Court concludes that Labbe, an action brought by the Secretary of Labor, does not control the instant decision because it merely stated that "the complaint alleges that Labbe is a covered employer," without discussing whether the particular jurisdictional allegations made in that action were sufficient.

Plaintiff also relies upon Judge Moore's decision in Roberts v. Caballero & Castellanos, P.L., 2010 WL 114001 (S.D. Fla. Jan. 11, 2010), wherein Judge Moore denied a motion to dismiss on the enterprise coverage issue.  However, the complaint

4

in Roberts contained more factual allegations than in the present case.  Not only did plaintiff allege that the defendant was an accounting firm that is engaged in interstate commerce, but a review of the actual complaint from the Southern District of Florida docket reveals that plaintiff also alleged that defendant "operates as an organization which sells and/or markets its services and/or goods to customers throughout the Untied States and also provides its services for goods sold and transported from across state lines. . . accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business. . . ." Complaint ¶ 6, Roberts, 2010 WL 114001 (1:09-cv-23131-KMM, DE 1).  These additional allegations are of a factual nature and are not legal conclusions.  Hence, Roberts is distinguishable on its facts.

This Court concludes that the allegations in the Complaint in this action regarding enterprise coverage are merely legal conclusions that fail to sufficiently allege subject matter jurisdiction.  The Court recognizes that there is a fine line here to draw, but the allegations in this complaint are devoid of facts.  The Court does not go as far as agreeing with the outcome in Lussi v. Design-Build & Engineering, Inc., 2010 WL 1571158 (S.D. Fla. April 20, 2010), a case relied upon by Defendants.  That action contained allegations that "Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period because the materials that they used/handled on a constant and/or continual basis and/or that were supplied to them by Defendant to use on the job moved through interstate commerce prior to and/or subsequent to each Plaintiff's use of the same. . . . Defendants are in the delivery business that transports merchandise and goods to the public and to several clients and provides services to multiple clients . . . and has grossed, on information and belief, more than $500,000

5

annually for the relevant time period." Lussi, *2. These allegations, though coming close to tracking the legal standard laid out in Polycarpe, are factual in nature and, if made in the present case, would withstand a motion to dismiss.

For individual FLSA coverage to apply, a plaintiff must show that "he was (1) engaged in commerce or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1)." Thorne, 448 F.3d at 1266. Defendants argue that Plaintiff's bare-bones conclusions regarding individual coverage fail under Iqbal. Here the Court agrees with Defendants' reliance on Kendrick v. Eagle International Group, LLC, 2009 WL 3855227 (S.D. Fla. Nov. 17, 1009), wherein Judge Marra concluded that the allegation that "[p]laintiff's job duties were such that she was individually engaged in interstate commerce," was factually insufficient to withstand a motion to dismiss. In the present action, Plaintiff alleges only that "during her employment with Muab, Inc., was engaged in commerce or in the production of goods for commerce." Compl. ¶ 4. This is a mere recitation of the statutory language. Therefore, the Court concludes that Plaintiff has failed to sufficiently allege individual coverage under the FLSA under the Iqbal standard.[5]

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definite Statement [DE 8] is hereby **GRANTED**;

---

[5] For purposes of an Amended Complaint, the Court does conclude that Plaintiff has sufficiently alleged that individual defendant Steve Cooper is an employer under the FLSA. The allegation that he "acts directly in the interests of Defendant Muab" is a factual allegation. Compl., ¶ 7.

2.  Plaintiff shall file an Amended Complaint by March 18, 2011, that comports with this Order;

3.  Failure to timely file an Amended Complaint shall result in the closing of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of March, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record on CM/ECF